IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2024

**DEMARCUS KEYON COLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
No. C-24-66    Donald H. Allen, Judge

**No. W2024-00697-CCA-R3-ECN**

Petitioner, Demarcus Keyon Cole, acting pro se, appeals from the summary dismissal of his petition seeking a writ of error coram nobis, claiming that Judge Donald H. Allen erred by summarily dismissing the petition while Petitioner's motion to recuse Judge Joseph T. Howell was pending. We conclude that Petitioner is not entitled to relief and affirm the summary dismissal of the petition. However, we remand for Judge Howell to enter a written order granting the recusal motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
and Remanded**

ROBERT L. HOLLOWAY, JR., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Demarcus Keyon Cole, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General and J. Katie Neff, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 15, 2013, Petitioner was convicted of felony murder and especially aggravated robbery and was sentenced to consecutive terms of life and twenty years. This court affirmed the trial court's judgments. *State v. Cole*, No. W2013-02850-CCA-R3-CD, 2014 WL 7269813, at *1 (Tenn. Crim. App. Dec. 22, 2014), *perm. app. denied* (Tenn. May 18, 2015). Petitioner subsequently filed a petition for post-conviction relief alleging ineffective assistance of counsel at trial. *Cole v. State*, No. W2015-01901-CCA-R3-PC, 2016 WL 2859196, at *1 (Tenn. Crim. App. May 11, 2016), *perm. app. denied* (Tenn. Sept.

26, 2016). At the hearing, Petitioner testified that trial counsel was deficient in not challenging the testimony of his girlfriend at the time of the offense, Kyneshia Williams ("Ms. Williams"), about a phone call from Petitioner asking her to "set up [the victim] at a store in Jackson so that [Petitioner] could rob him." *Id*. at \*5. This court affirmed the post-conviction court's denial of the petition for post-conviction relief. *Id.* at \*12.

On January 4, 2022, Petitioner filed pro se a petition for writ of error coram nobis ("the 2022 Petition") claiming "newly discovered evidence that the prosecutor and law enforcement threatened Ms. Williams with criminal charges and the removal of her children from her custody to compel her to testify at trial." *Cole v. State*, No. W2023-00517-CCA-R3-ECN, 2023 WL 8947153, at \*3 (Tenn. Crim. App. Dec. 28, 2023) *perm. app. denied* (Tenn. July 18, 2024). On May 6, 2022, Petitioner filed a pro se amended petition, "claiming newly discovered evidence of a supplemental police report" showing that officers interviewed LeGraine Poston regarding his conversation with Petitioner at the jail more than two months before Mr. Poston submitted a formal written statement. *Id.* On January 12, 2022, Judge Howell, then a practicing attorney, was appointed by the court to represent Petitioner. By Order Substituting Counsel entered February 22, 2022, the District Public Defender was substituted for Judge Howell as counsel for Petitioner.[1] Judge Howell represented Petitioner for approximately forty-one days. On May 19, 2022, William J. Milam was substituted for the District Public Defender as counsel for Petitioner. On April 6, 2023, Judge Allen dismissed the 2022 Petition, and this court affirmed the judgment on appeal.[2] *Id.* at \*7. As relevant here, this court determined that "[d]uring the evidentiary hearing, [P]etitioner, through counsel, abandoned the claim relating to Ms. Williams' testimony and announced that he was only pursuing the claim relating to the supplemental police report" and concluded Petitioner's claim that Ms. Williams' testimony was coerced "was waived." *Id*. at \*6.

On March 15, 2024, Petitioner, acting pro se, filed his second petition for writ of error coram nobis ("the 2024 Petition") in "Division I" of the Twenty-Sixth Judicial District.[3] Petitioner claimed that he did not "learn about the newly discovered evidence of recanted testimony" of Ms. Williams until January 5, 2024. On March 27, 2024, the State

---

[1] We take judicial notice of this court's records in *Cole v. State*, W2023-00517-CCA-R3-ECN.

[2] The Twenty-Sixth Judicial District consists of the counties of Chester, Henderson and Madison and has four trial court judges. Tenn. Code Ann. § 16-2-506. When Petitioner filed the 2022 Petition, now Senior Judge Roy B. Morgan was the circuit judge in Division I of the twenty-sixth Judicial District. By order entered August 30, 2022, Judge Morgan, noting that he had granted Petitioner's motion to continue the coram nobis hearing to a date after his retirement, transferred the case to Division II to be heard by Judge Allen.

[3] When the Petitioner filed the 2024 petition, "Division I" was typed in the style. Judge Howell was the circuit judge for Division I.

filed a response and motion to dismiss the 2024 Petition. Petitioner filed a Uniform Civil Affidavit of Indigency, and on April 2, 2024, Judge Howell entered an order allowing the 2024 Petition to be filed under a pauper's oath. On April 12, 2024, Petitioner filed his reply to the State's response.

On April 24, 2024, Petitioner filed a motion to recuse Judge Howell pursuant to Rule 10B of the Tennessee Supreme Court and requested the matter to be transferred to Division II "Judge Atkins (an impartial judge)" for the following reasons:

1) [Judge] Howell previously represent[ed] the [P]etitioner in case number [C]-22-2 [and] this would be a conflict of interest[,] please see attachment.

2) That the motion is not being presented for any improper purpose, such as to harass or cause unnecessary delay or need[]less increase in cost of litigation.

Attached to the motion to recuse was a copy of the January 12, 2022 order appointing Judge Howell to represent Petitioner in the coram nobis proceeding. Although there is no written order in the record granting the motion to recuse, the case was transferred to Division II as requested by Petitioner and was not heard by Judge Howell.[4]

On May 2, 2024, Judge Allen, the Circuit Judge for Division II, entered an order finding that the 2024 Petition was time-barred because it was not filed within the one-year statute of limitations of Tennessee Code Annotated section 27-7-103; that the affidavit of Ms. Williams was not new evidence of actual innocence discovered after expiration of the limitations period; that Petitioner was not entitled to equitable tolling of the statute of limitations; and that any issue regarding Ms. Williams "allegedly being threatened was waived by Petitioner during [the 2022] Petition, and [Petitioner] is barred from proceeding at this time by res judicata."

Petitioner filed a timely notice of appeal from the judgment summarily dismissing the 2024 Petition. The trial court clerk's "Certificate of Appellate Record" certified that items transmitted to the Court of Criminal Appeals included "all [of] the designated papers on file in my office in the captioned case." The note to the clerk's certification states, "the motion to recuse that was filed 4/24/24, no order filed."

---

[4] Petitioner's motion to recuse requested his case be moved to Division II, Judge Atkins. Judge Allen is the Division II judge; Judge Kyle Atkins is the Division III judge.

## ANALYSIS

On appeal, Petitioner raises a single issue claiming that Judge Allen "erred by not ruling on Petitioner's motion to recuse" Judge Howell "before entering an order denying and dismissing" the 2024 Petition. The State argues that the lack of a written order granting or denying the motion to recuse is not fatal because Judge Allen did not act in bad faith in dismissing the 2024 Petition. We agree that Judge Allen had the authority to dismiss the 2024 Petition and did not err by failing to rule on the motion to recuse Judge Howell.

At the outset, we note that the motion to recuse was deficient because it was not "supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."[5] Tenn. Sup. Ct. R. 10B, §1.01. An "affidavit under oath or a declaration under penalty of perjury on personal knowledge" are "an essential component" of a recusal motion. *Ranter v. Solomon*, No. E2025-00049-COA-T10B-CV, 2025 WL 326386, at *2 (Tenn. Ct. App. Jan. 29, 2025) (citing *Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *3 (Tenn. Ct. App. Dec. 17, 2024), *no perm. app. yet filed*. When a motion to recuse is made, a judge should grant the motion whenever his or her "impartiality might reasonably be questioned." Tenn. Sup. Ct. R. 10, § 2.11(A). Based on the record before us, Judge Howell's only involvement in the present case was before the motion to recuse was filed when he signed an order allowing the 2024 Petition to be filed upon a pauper's oath. It does not appear that Judge Howell entered any "further orders" or took "further action on the case." Tenn. Sup. Ct. R. 10B, §1.02. Nevertheless, despite the shortcomings of the motion and the short period of time that he previously represented Petitioner, Judge Howell should have acted "promptly by written order" and granted the motion based on his prior representation of Petitioner in the 2022 Petition. Tenn. Sup. Ct. R. 10B, §1.03.

The record is clear that the judge who entered the order summarily dismissing the petition, Judge Allen, was not the judge whom Petitioner moved to disqualify. In fact, Judge Allen was the judge of the very division to which Petitioner asked that his case be transferred. It was not Judge Allen's responsibility to rule on the motion seeking the recusal of Judge Howell. Although the record does not contain an order of the presiding judge moving the case to Division II, "the absence of an appointment order is a procedural error" that is not necessarily fatal. *State ex rel. Williams v. Woods*, 530 S.W.3d 129, 138 (Tenn. Ct. App. 2017).

Moreover, "[a]ny judge or chancellor may exercise by interchange, appointment, or designation the jurisdiction of any trial court other than that to which the judge or

---

[5] The only material attached to Petitioner's motion to recuse was a copy of an order, stamp-filed January 12, 2022, appointing Judge Howell, then an attorney, to represent the Petitioner in his first petition for writ of error coram nobis.

chancellor was elected or appointed." Tenn. Code Ann. §16-2-502. As a duly elected circuit court judge in the Twenty-Sixth Judicial District, Judge Allen had the authority to sign an order dismissing a case filed and pending in the circuit court in his district. *See Dash v. Carlton*, No. E2001-02867-CCA-R3-PC, 2002 WL 31026613, at *2 (Tenn. Crim. App. Sept. 11, 2002), *perm. app. denied* (Tenn. Dec. 23, 2002) (noting that a criminal court judge had the authority to sign an order dismissing a writ of habeas corpus filed and pending in the circuit court). Absent bad faith, the decisions of a judge acting under the color of law will be binding on the parties. *See Woods*, 530 S.W.3d at 138 (citations omitted).

We also note that after the briefing schedule concluded, Petitioner filed an additional motion to expedite his appeal. With the filing of this opinion, we deem Petitioner's motion to be moot. Accordingly, Petitioner's motion to expedite his appeal is denied.

## CONCLUSION

This appeal was complicated unnecessarily by the failure to promptly enter a written order either granting or denying the motion to recuse. Even though Judge Howell's involvement was limited to entering an order allowing the filing of the 2024 Petition upon pauper's oath, he should have promptly ruled on the motion to recuse. We remand the case to the trial court for Judge Howell to enter an order granting the motion to recuse.

Judge Allen did not err "by not ruling on Petitioner's motion to recuse" Judge Howell "before entering an order denying and dismissing the [P]etition." The judgment dismissing the Petition is affirmed.

_s/ Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE